UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MERLE E. STIMPSON,  :<br>    Plaintiff,        :<br>                      :<br>v.                    :     Case No. 3:16-cv-520(SRU)<br>                      :<br>COMM'R CORRECTION OFFICE, ET AL., :<br>    Defendants.       : | |

## RULING AND ORDER

The plaintiff, Merle E. Stimpson, incarcerated and *pro se*, initiated this action by filing a complaint alleging that the defendants, the Office of the Commissioner of Corrections, Warden Carol Chapdelaine and Captain Hall, violated the Eighth and Fourteenth Amendments of the United States Constitution. *See* Compl., Doc. No. 1. The plaintiff recently filed a letter seeking to amend the complaint. *See* Letter Mot., Doc. No. 11.[1]

**I.   Background**

The complaint includes the following allegations. *See* Compl., Doc. No. 1. On or about February 14, 2016, at MacDougall-Walker Correctional Institution, prison officials placed Stimpson in a cell with an inmate named George R. Andino. At that time, the Department of Corrections was aware that Inmate Andino was a sexual predator. Stimpson contacted Captain Hall on several occasions seeking to be moved because Inmate Andino had made sexual advances

---

[1] The letter does not include a case caption listing the plaintiff's name or the name of the first-listed defendant. It also lists a docket number for a different case, to which the plaintiff is not a party. Nevertheless, the contents of the letter indicate that it should be construed as a motion to amend in this case. Going forward, Stimpson is directed to include a case caption and a correct docket number on each of his motions, and to generally attempt to comply with the rules governing the form of motions provided in the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(a) & (b)(2); 10(a).

towards him, had sexually assaulted him by groping him, and had verbally and physically intimidated him. Captain Hall took no action and refused to move Stimpson to another cell.

On February 25, 2016, Stimpson returned to his cell to find his cellmate masturbating to a photograph of his young daughter. Stimpson brought this incident to the attention of several officers and Captain Hall, but no action was taken against Inmate Andino.

Later that day, correctional staff accused Stimpson of writing a letter to the Office of the Commissioner of Corrections as if he were Inmate Andino. In the letter, Stimpson, as Inmate Andino, claimed to be a homosexual and asked to be moved to protective custody. Correctional staff moved Stimpson to segregation because of the letter.

Stimpson claims that prison staff placed him in segregation without a hearing and did not permit him to take his personal property with him. He could not shower for four days. He seeks monetary damages.

## II. Discussion

The letter motion to amend seeks to add new claims regarding an incident that occurred on June 8, 2016, that may or may not be related to the incidents described in the complaint. Because the defendants have not responded to the complaint and this is Stimpson's first request to file an amended complaint, the letter motion to amend is granted.

Stimpson does not attach a proposed amended complaint to his motion that contains a case caption that complies with the rules governing the form of pleadings. Thus, it is unclear who the defendants might be. In addition, the letter motion does not include any of the claims that were set forth in the original complaint. Stimpson is cautioned that an amended complaint completely

replaces the original complaint. Thus, any amended complaint should include the allegations against Captain Hall with regard to the incidents in the initial complaint to the extent Stimpson still seeks to pursue those claims.

In addition, the court observes that Stimpson has not alleged that he exhausted his administrative remedies with regard to any of the incidents set forth in the initial complaint or in the motion to amend. Section 1997e of Title 42 of the United States Code, which governs actions brought by prison inmates, provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* at § 1997e(a). That subsection applies to all claims arising from prison life, including the use of excessive force by prison staff. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 83–85 (2006). Thus, completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001).

The court notes that Stimpson signed the complaint on March 29, 2016, forty-six days after being placed in a cell with Inmate Andino and thirty-four days after being placed in segregation. With regard to the claims in the motion to amend, the motion is dated two days after a different inmate was allegedly placed in Stimpson's cell allegedly in order to extract information from him about this lawsuit. The short time period between the incidents and the filing of the Complaint and

motion to amend suggests that there was insufficient time for Stimpson to have exhausted his administrative remedies before initiating this lawsuit or filing the motion to amend. **Any amended complaint must include allegations regarding any attempts by the plaintiff to exhaust administrative remedies PRIOR to filing this lawsuit.**

Stimpson has also filed a motion to be transported to court for hearings and for assistance with serving the defendants. *See* Motion for Transport, Doc. No. 3. No hearings have been scheduled in this case. If a hearing is scheduled that requires Stimpson's presence, the court will make the necessary arrangements to secure his transportation or to arrange a videoconference. With respect to service, Stimpson states that he will be unable to serve the complaint on the defendants. *Id.* If the court determines that the initial complaint or amended complaint should be served on the defendants, the Clerk will make the necessary arrangements to effectuate service. Thus, the motion for transport order and service is denied without prejudice.

## II.   Conclusion

The Letter Motion to Amend [**Doc. No. 11**] is **GRANTED**. The Motion for Transport and Service [**Doc. No. 3**] is **DENIED** without prejudice.

**The court will permit Stimpson thirty (30) days to file an amended complaint. The amended complaint should include a caption listing each defendant and should allege facts showing how each defendant was involved in the violation of Stimpson's federal or constitutional rights. In addition, the amended complaint should also include allegations regarding any attempts by the plaintiff to exhaust his administrative remedies with respect to each claim BEFORE he filed this action.**

**If the plaintiff chooses not to file an amended complaint within the time specified, the case will only proceed only as to the claims in the initial complaint.**

SO ORDERED at Bridgeport, Connecticut this 29th day of June 2016.

                 /s/ Stefan R. Underhill
                Stefan R. Underhill
                United States District Judge