UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MERLE E. STIMPSON, a/k/a
MASON ANDRE MICHAEL RYBEC,
    Plaintiff,

v.

COMMISSIONER OF CORRECTION,
et al.,
    Defendants.

No. 3:16-cv-00520 (SRU)

## RULING AND ORDER

    Merle E. Stimpson, incarcerated and *pro se*, filed a complaint under 42 U.S.C. § 1983 against the Commissioner of Correction, Warden Carol Chapdelaine, and Captain Hall. *See* Compl., Doc. No. 1. Stimpson alleged that the defendants violated his Eighth and Fourteenth Amendment rights. On June 26, 2016, I granted Stimpson's letter motion seeking to amend the complaint and gave him thirty days to file an amended complaint.

    On October 19, 2016, Stimpson filed an amended complaint listing Warden Chapdelaine, Captain Hall, and the Commissioner of Correction as defendants. *See* Am. Compl., Doc. No. 15. On January 23, 2017, I reviewed both the complaint and the amended complaint. I dismissed the amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it complied neither with the rules of procedure governing pleadings nor with my orders regarding exhaustion, and also failed to state a claim upon which relief may be granted. *See* Ruling & Order, Doc. No. 22. I also reviewed Stimpson's original complaint, Doc. No. 1, and dismissed pursuant to 28 U.S.C. § 1915A(b)(1) Stimpson's Fourteenth Amendment procedural due process claims related to his placement in administrative detention, and his Fourteenth Amendment failure to protect from harm claim. I also dismissed pursuant to 28 U.S.C. § 1915A(b)(2) Stimpson's claims against Warden Chapdelaine, Captain Hall, and the Commissioner of Correction in their official capacities. I allowed to proceed

Stimpson's Eighth Amendment claims of deliberate indifference to harm and failure to protect from harm against Captain Hall, Warden Chapdelaine and the Commissioner of Correction in their individual capacities. *See* Ruling & Order, Doc. No. 22, at 18.

On January 26, 2017, Stimpson filed a letter seeking to file another amended complaint to add new claims. *See* Letter, Doc. No. 25. The allegations in the letter related to a written communication that Stimpson had received from District Administrator Quiros on January 9, 2017, in response to Stimpson's attempt to appeal a guilty finding at a disciplinary hearing. *See* Ex. 1 to *id.*, Doc. No. 25-1. I construed Stimpson's letter as a motion to amend, and on April 27, 2017, I issued an order granting the motion based on Stimpson's contentions that the communication from Administrator Quiros was evidence of continued retaliation against him and that the retaliatory conduct related to the underlying claims in the complaint. *See* Order, Doc. No. 30. Because Stimpson had not filed a proposed amended complaint with the letter, I gave him thirty days to file an amended complaint.

In response to that order, Stimpson has filed a second amended complaint listing Commissioner of Correction Scott Semple, Wardens Carol Chapdelaine and Scott Erfe, Captain Peaches Hall, and Counselors Datil and Laone as defendants. *See* Second Am. Compl., Doc. No. 32. Stimpson has also filed a motion seeking an order that the defendants named in the amended complaint be served. Doc. No. 39. For the reasons set forth below, I dismiss Stimpson's second amended complaint and deny his motion for service.

## I. Discussion

After the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In considering whether to grant a

litigant leave to amend under Rule 15(a), I must consider such factors as "undue delay," "bad faith," "dilatory motive," "undue prejudice to the opposing party," and "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As indicated above, I construed a letter filed by Stimpson in January 2017 as a motion to amend, and granted the motion because Stimpson claimed that the new allegations were related to the Eighth Amendment deliberate indifference to safety and failure to protect claims that he had asserted in the original complaint. Those allegations concern an incident that occurred at MacDougall-Walker Correctional Institution ("MacDougall-Walker") in February 2016.

Contrary to Stimpson's earlier representation, the second amended complaint does not include any allegations related to the written communication from District Administrator Quiros dated January 9, 2017. Instead, it adds completely new allegations about incidents that occurred in April/May 2017 at Cheshire Correctional Institution ("Cheshire"), involving three individuals who are employed at Cheshire and who were not named in the original complaint. *See* Second Am. Compl., Doc. No. 32 at 3, 5–6. Those allegations are entirely unrelated to the Eighth Amendment claims asserted in Stimpson's original complaint.

The new allegations in Stimpson's second amended complaint are as follows. In April/May 2017, Stimpson sent a request to be moved from Cheshire to another facility, but Counselor Datil denied the request. *See id.* at 5. Stimpson then sent a request to a captain at Cheshire seeking to be moved to another housing unit within Cheshire, but the captain denied the request. *See id.* In response to another request to be transferred either out of Cheshire or to another housing unit within Cheshire, Counselor Datil threatened to send Stimpson to segregation if he sent any further transfer requests to the correctional captain. *See id.* Stimpson claims the response by Counselor

3

Datil was retaliatory. Stimpson asserts that at some point after May 16, 2017, prison officials placed his housing block on lockdown. *See id.* at 6. When he asked Counselor Datil why the housing unit was on lockdown, Counselor Datil indicated that Stimpson "had started this with [his] lawsuit" and that the warden was too busy to meet with any inmates. *See id.*

In June 2013, the Connecticut Superior Court granted Stimpson's request to change his name to Mason Andre Michael Rybec. *See id.* at 16–17. Stimpson claims that in April/May 2017 he asked Counselor Laone to aid him in obtaining copies of his birth certificate, social security card, and driver's license in order to submit requests to change his name on those documents. Stimpson states that he received a copy of his social security card, but has not received a copy of his birth certificate. *See id.* at 6. In response to the request (dated May 16, 2017), Counselor Laone informed Stimpson that there was no record of a prior driver's license or identification card under the name of Merle Stimpson on file with the Department of Motor Vehicles. *See id.* at 11.

Stimpson asserts that on May 18, 2017, he asked an assistant attorney general who worked for the State of Connecticut to stop the retaliatory actions of Department of Correction officers. *See id.* at 19. Stimpson alleges that "admin" told him that they are aware that he is a troublemaker, and that he will be "pacified" if he does not stop his actions pursuant to orders of the warden and commissioner. *See id.* at 6.

After reviewing the second amended complaint, I concluded that the complaint is deficient in a number of ways and must be dismissed. As a preliminary matter, Stimpson's allegations relating to his Eighth Amendment claims against Commissioner Semple, Warden Chapdelaine, and Captain Hall that were asserted in the original complaint are not included in the second amended complaint. In granting Stimpson leave to amend, I specifically cautioned Stimpson that

an amended complaint completely replaces the original complaint and that the amended complaint should include facts showing how each defendant was involved in the alleged violation of Stimpson's federally or constitutionally protected rights. *See* Order, Doc. No. 30. Thus, it is apparent that Stimpson has ignored my instructions regarding the need to include claims against Commissioner Semple, Warden Chapdelaine, and Captain Hall in the second amended complaint.

Although Stimpson has named Commissioner Semple, Warden Chapdelaine, and Captain Hall as defendants in the second amended complaint, he has included no allegations against them regarding the incidents that occurred in February 2016 at MacDougall-Walker. Thus, Stimpson has abandoned his failure to protect and deliberate indifference to safety claims against Commissioner Semple, Warden Chapdelaine, and Captain Hall. Because there are no allegations against those defendants in the second amended complaint, Stimpson has failed to allege that they violated his federally or constitutionally protected rights. The second amended complaint is dismissed with respect to Warden Chapdelaine and Captain Hall. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (court may dismiss "at any time" a claim on which relief may not be granted).

As a secondary matter, I did not grant Stimpson leave to add claims against three new defendants relating to incidents that had not even occurred at the time that he filed his letter seeking leave to amend. Moreover, the allegations are unrelated to the claims in the underlying complaint. Therefore, the second amended complaint was improperly filed and should be dismissed with respect to all defendants.

The second amended complaint also is subject to dismissal because the allegations were not exhausted prior to its filing. On June 29, 2016, August 11, 2016 and January 23, 2017, I made Stimpson aware that he was required to exhaust all available administrative remedies with respect

5

to each claim before filing a civil rights complaint or amended complaint in federal court. *See* Docs. Nos. 12, 14, & 22. In addition, in my order granting leave to amend on April 24, 2017, I clearly informed Stimpson that he must assert any attempts to exhaust his administrative remedies with respect to each claim before filing the amended complaint. *See* Order, Doc. No. 30.

Actions brought by prison inmates are governed by 42 U.S.C. § 1997e. Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This subsection applies to "all inmate suits about prison life," including the use of excessive force by prison staff. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 83–85 (2006). Thus, completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) ("[G]rievances must . . . be fully pursued prior to filing a complaint in federal court.").

With regard to Stimpson's allegations that he submitted requests to Counselor Datil to be moved to another facility or another housing unit within Cheshire, and that Datil denied his request and threatened to have him transferred to segregation if he submitted additional transfer requests, Stimpson did not fully exhaust these claims. He asserts that in April or early May 2017, he filed a grievance regarding Counselor Datil's conduct. On May 5, 2017, he received a receipt

6

for filing the grievance. Stimpson claims that as of the date he submitted the second amended complaint to be filed with the court, he had not received any response to the grievance.

Stimpson also characterizes as retaliatory the statement of an unknown administrative official that he was a known troublemaker and that he would be "pacified" pursuant to orders of Warden Erfe and Commissioner Semple if he continued making trouble. Even if that allegation could be construed to raise a retaliation claim against Warden Erfe and Commissioner Semple, Stimpson does not allege that he attempted to exhaust that claim prior to filing the second amended complaint.

Stimpson claims that Counselor Laone failed to assist him in retrieving copies or originals of various documents. The allegations against Counselor Laone do not state a claim for a violation of Stimpson's constitutionally or federally protected rights. The attachments to the amended complaint reflect that Counselor Laone did assist Stimpson in seeking records, including his driver's license and birth certificate. *See* Second Am. Compl., Doc. No. 32 at 11, 22. Furthermore, Stimpson does not allege that he exhausted his administrative remedies with respect to any claims he might have against Counselor Laone.

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6 (the "Administrative Directive"), and may be found at http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0906.pdf. For all matters relating to any aspect of a prisoner's confinement that are subject to the Commissioner's authority (and that are not specifically identified in Sections 4(B) through 4(I) of the Administrative Directive), the applicable remedy is the Inmate Grievance Procedure. Claims regarding conditions of confinement are subject to the Inmate Grievance Procedure.

Stimpson claims that he filed a grievance regarding the conduct of Counselor Datil that was received by the grievance coordinator on May 5, 2017. Under the Administrative Directive, the unit administrator has thirty business days to process/review a grievance, *see id.* at 9.6(6)(I), i.e., until June 19, 2017. Stimpson states that he had not received a response to the grievance at the time he filed the second amended complaint. Because the second amended complaint is dated May 18, 2017 and was filed on May 23, 2017, it is apparent from the timing of the second amended complaint alone that Stimpson did not fully exhaust his remedies with respect to Counselor Datil. Stimpson does not claim that he made any attempt to exhaust his remedies with respect to Warden Erfe, Commissioner Semple, or Counselor Laone prior to filing the second amended complaint. Thus, it is apparent from the face of the second amended complaint and its exhibits that Stimpson did not fully exhaust his available administrative remedies. Accordingly, the second amended complaint does not comply with 42 U.S.C. § 1997e.

It would be futile to permit Stimpson to proceed with regard to the unexhausted claims against Commissioner Semple, Warden Erfe, Counselor Datil, and Counselor Laone. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (complaint may be dismissed *sua sponte* for failure "when an affirmative defense . . . appears on its face") (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001); *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (noting that "inmates are not required to specially plead or demonstrate exhaustion in their complaints," but that "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement") (quoting *Jones*, 549 U.S. at 216; *Lumetrics, Inc. v. Bristol Instruments*, 101 F. Supp. 3d 264, 268 (W.D.N.Y. 2015) ("An amendment is futile if the proposed amended pleading would be subject to

8

immediate dismissal for failure to state a claim or on some other ground.") (internal quotation marks and brackets omitted). Furthermore, service of the second amended complaint on the new defendants would likely delay the litigation of the case. *See Burch v. Pioneer Credit Recovery*, 551 F.3d 122, 126 (2d Cir. 2008) (although "leave to amend should be granted 'when justice so requires,' motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party") (quoting *Foman*, 371 U.S. at 182). Pursuant to Rule 15(a)(2), the interests of justice do not require me to permit Stimpson to proceed with regard to the unexhausted and unrelated claims in the second amended complaint.

Accordingly, I dismiss Stimpson's second amended complaint for failure to meet the requirements of Rule 15(a)(2), because I did not grant Stimpson leave to add new defendants and claims that were unrelated to the claims in the original complaint. I also dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) all claims against Warden Chapdelaine and Captain Hall, and dismiss without prejudice pursuant to 42 U.S.C. § 1997e all claims against Commissioner Semple, Warden Erfe, Counselor Laone, and Counselor Datil for failure to exhaust administrative remedies. Because I have dismissed the second amended complaint, Stimpson's motion seeking that the complaint be served on the new defendants and new litigation deadlines set is denied as moot.

### II. Conclusion

Stimpson's Second Amended Complaint, **Doc. No. 32**, is **DISMISSED** for failure to meet the requirements of Rule 15(a)(2) for filing an amended complaint. The Second Amended Complaint is also **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with regard to the claims against Warden Chapdelaine and Captain Hall, and **DISMISSED** without prejudice

pursuant to 42 U.S.C. § 1997e with regard to the claims against Commissioner Semple, Warden Erfe, Counselor Laone, and Counselor Datil. Should Stimpson wish to pursue the claims in the second amended complaint, he may file a new, separate action after he exhausts his administrative remedies as to those claims.

I conclude that I need not permit Stimpson yet another attempt to amend his complaint because I cannot discern how the allegations in the January 26, 2017 letter relate to the claims in the underlying complaint, nor has Stimpson explained how the statements in the letter motion might relate the allegations in the complaint.

Stimpson's Motion for Order, **Doc. No. 39**—in which he seeks review of the Second Amended Complaint, an order directing the clerk to serve it on the new defendants, and an order setting new deadlines for completing discovery and filing summary judgment motions—is **DENIED AS MOOT**.

**The case will proceed only with regard to the claims asserted against Captain Hall, Warden Chapdelaine, and Commissioner Semple in the Complaint, Doc. No. 1, and as reviewed in my Initial Review Order, Doc. No. 22.** Those claims are as follows. In February 2016, Captain Hall, Warden Chapdelaine, and the Commissioner of Correction, in their individual capacities, were deliberately indifferent to Stimpson's safety and failed to protect him from harm. Those claims arose from incidents involving sexual advances and assaults made by Inmate Adino against Stimpson. Per my order of June 30, 2017, the deadline for completion of discovery is **October 23, 2017**, and the deadline for filing summary judgment motions is **November 24, 2017**.

**I hereby give Stimpson notice that I will not entertain any additional motions to amend the complaint at the present stage of the litigation.**

So ordered.

Dated at Bridgeport, Connecticut this 1st day of September 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
